Spear, J.
Two questions arise upon the record: (a) Are the bequests for religious and charitable purposes, and the residuary devise in the will, void as against the rights of Frank and Katie Margaretha Fugman, the will having been executed within one year of the testatrix’s decease? (b) Are the general legacies a lien and charge on the real estate, there being no personal property, and no provision in the will making such legacies a direct charge upon the real- estate?
The elaborate and very learned arguments of the counsel invite an extended discussion of these questions. But, while they are important, they appear to us, in view of previous holdings, not difficult of solution, and may with propriety be treated briefly. Indeed but little more is required than a statement of the conclusions to which the court has arrived.
1. In a word, if Frank Fugman and Katie Margaretha Fugman stand with respect to this property the same as though they were heirs of the body of the testatrix, then the charitable and religious bequests and the residuary devise, are, as to them, void. It Avas the opinion of the courts below, and is contended here, that they do sustain that position. This conclusion, it is claimed, results from a proper construction of sections 4182 and 5915 of the Revised Stat- *479 7}tes. The former, which was enacted April 29, 1854, is as folloAvs:
“Section 4182. [Heir at law; how designated, etc.] A person of sound mind and memory may appear before the probate judge of his county, and in the presence of such judge and two disinterested.persons of his or her acquaintance, file a written declaration, subscribed by him, which declaration shall be attested by such disinterested persons, declaring that, as his or her free and voluntary act, he or she did designate and appoint another, naming and stating the place of residence of such person specifically, to stand toward him or her in the relation of an heir at law in the event of his or her death; thereupon the judge, if satisfied that such declarant is of sound mind and memory, and free from any restraint, shall enter that fact upon his journal, and make a complete record of such proceedings; thenceforward the person thus designated shall be deemed and held to stand.in the same relation, for all purposes, to such declarant as he or she could, if a child born in lawful wedlock; and a certified copy of such record shall be prima facie evidence of the fact stated therein, and conclusive evidence, unless impeached for actual fraud, or undue influence.”
The latter, which was enacted in 1874, is as follows :
“Section 5915. [Any bequest or devise to charitable purposes, if any issue of testator living, void, unless made one year before his death.] • If any testator die leaving issue of his body, or an adopted child, living, or the legal representative of either, and the will of such testator give, devise, or bequeath the estate of such testator, or any part thereof, to any benevolent, religious, educational, oí charitable purpose, or to- *480 this state or (to) any other state or country, or to any county, city, village, or other corporation or association in this or any other state or county, or to any person in trust for any of such purposes, or municipalities, corporations, or associations, whether such trust appears on the face of the instrument making such gift, devise, or bequest or not; such will as to such gift, devise or bequest, shall be invalid unless such will shall have been executed according to law, at least one year prior to the decease of such testator.”
The latter section is an amendment to the wills act. The provisions of statute relating to wills, and authorizing and recognizing the right to make the same, had their origin at the formation of the territory northwest of the river Ohio, and of which the present state of Ohio is a part, in the year 1787, by provision of the ordinance for the government of that territory. The first section of that memorable document (1 Laws of Northwest Territory, 3), provides that, until the governor and judges adopt laws on the subject, estates in the territory may be devised or bequeathed by wills in writing, duly signed, sealed and witnessed. Conformably to the authority given in the ordina.nct the governor and judges of the territory, June 19, 1795 (same vol., 148), at Cincinnati, adopted from the Pennsylvania code and published, a law concerning the probate of wills, written or nuncupative, and providing for the execution, proof, and record of the same. This remained in force until 1805, when, on January 5, of that year, (3 O. L., 173), the first general assembly of the state enacted the first state law on the subject entitled “An act directing the manner of executing, proving and recording wills and codicils,” and recognizing the right of competent persons *481 to-convey tlieir estates by will. With various amendments this statute has been in force ever since. And whether the right to dispose of property by will is regarded as a natural right, inhering in the ownership of property, or as resting wholly on these ancient statutes, it is entirely clear that the right thus created is of a. high order, not to be denied or materially qualified except upon the clearest declaration of law to that effect. To maintain the action of the courts below it must appear that the right to thus dispose of the property is, as applied to the defendants in error, modified so that the right does not exist unless exercised within a period of more than one year prior to the testator’s death. That this modification applies to such heirs as are of the “issue of the body” of the testator, and to adopted children, (that is to those adopted under section 3137 and following, of the Revised Statutes), the language of the section (5915) very clearly establishes. But does it apply to heirs designated under section 4182? The section does not in terms include such heirs. Should the language of section 4182 that such declared heir “shall be deemed and held to stand in the same relation, for all purposes, to such declarant as he could if a child born in lawful wedlock, be held to constitute such child “issue of the body?” That is, in law iu such declared heir “issue of the body?” If not, then the contention in support of the judgments below on this part of the case must fail.
The legal effect of the word “issue” was considered by this court in Phillips v. McConica, 59 Ohio St., 1. In that case one Madden died leaving a will by which he made a bequest to one Wilbert McConica. This legatee died after the making of the will but before the decease of the testator. During his life he (the *482 legatee) adopted, by force of section 3137 and following, one Mary McConica, and the question was whether or not the child so adopted was, under section 5971, Revised Statutes, entitled to inherit. That section provides that Avhen a devise of real or personal estate is made to any child or other relative of the testator, and such child or other relative shall die after the making of the will leaving issue surviving the testator, such issue shall take the estate. The court held: “The Avord ‘issue’ in this section means child of the body, or heir of the body, of the deceased relátive of the testator, and does not include a child adopted by such decedent. The issue in such case must be of the blood of the testator and of the deceased child or other relative by birth. Adoption docs not make the adopted child of the blood of its adopter, nor of the blood of his ancestors. True, section 3140, Revised Statutes, provides that such adopted child ‘shall be to all intents and purposes the child and legal heir of the person so adopting him, or her, entitled to all the rights and privileges, and subject to all the obligations of a child of such person, begotten in laAvful wedlock.’ But this is far from providing that such adopted child shall be the issue of the adopter, and of his blood and of the blood of his ancestors. * * * The statute enables the adopted child to inherit from its adopter, but not through him. The statute does not make the adopted child the heir of the ancestors of its adopter, and the right of the adopted child to inherit cannot be extended beyond Avhere the statute has fixed it.”
It is difficult to perceive any real difference, in legal effect, between the language of the quotation given above, from section 3140, arid the clause declaring the status of designated heirs found in section *483 4182, and if they arc1 in legal effect the same, then this case is ruled in favor of plaintiffs in error by the Phillips case. We think it is so ruled. See, also, Upson v. Noble, 35 Ohio St., 655; and Quigley v. Mitchell, 41 Ohio St., 375.
The further consideration of the several sections referred to makes this conclusion clear. Both sections 3140 and 4182 were in force, and had been for years, when section 5915 was adopted. The legislature thus found, besides blood relations capable of inheriting from an ancestor, two classes having certain statutory rights of inheritance, viz.: adopted children and designated heirs. With these two conditions before the law makers they chose to expressly include within the effect of section 5915 one of those classes and omit the other. If we apply the well known rule of construction e.rpressio imius est exelusio alterius. the inevitable result is that designated heirs are not within the. statute. Other considerations tend to the same conclusion, but we content ourselves with those stated. We hold that heirs designated under favor of section 4182 are not within the purview of section 5915. It follows that, in holding, as the circuit court did,, that the legacies set forth in items 6, 7, 8, 19, 20 and 22 are invalid under section 5915, Revised Statutes, that court erred.
2. The circuit court held that the. legacies mentioned in items 2, 3, 4, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 21,are valid money legacies, and were intended to be charged upon the real estate, and are valid liens thereon. This holding is complained of as erroneous by the cross-petition in error of Frank and Katie Margaretha Fugman. A controlling fact bearing upon the effect to be given these items of the will is that the testatrix had, at the time of the mak *484 ing of the will and at her decease, no personal property out of which these legacies could be paid, and this fact, it must be presumed, was known to her. To conclude that she did not intend to charge payment of the legacies upon the real estate, is to conclude that she did not. intend they should be paid at all, and would make the will, in those particulars, an idle ceremony. We think there is no error in the holding of the circuit court in this respect. Clyde v. Simpson, 4 Ohio St., 445; Moore v. Beckwith, 14 Ohio St., 129.
It is further contended by plaintiff in error that a petition to quiet title is not the proper action to determine the questions which arise upon the admitted facts of the case. We do not find it necessary to consider the proposition.
The judgment of the circuit court will be reversed as to its holding respecting items 6, 7, 8, 19, 20 and 22 of the will, and otherwise affirmed.

Reversed.

Minshall, C. J., Burket, Davis and Shauck, JJ., concur.
Williams, J., concurs in the second proposition.